# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| **LINKSMART WIRELESS TECHNOLOGY, LLC,** | |
| **Plaintiff,** | |
| | **Civil Action No: 2:08-CV-00264-TJW-CE** |
| **v.** | |
| | |

1. **T-MOBILE USA, INC.;**
2. **WAYPORT, INC.;**
3. **AT&T, INC.;**     **JURY**
4. **AT&T MOBILITY, LLC;**
5. **LODGENET INTERACTIVE CORP.;**
6. **IBAHN GENERAL HOLDINGS CORP.;**
7. **ETHOSTREAM, LLC;**
8. **HOT POINT WIRELESS, INC.;**
9. **NETNEARU CORP.;**
10. **PRONTO NETWORKS, INC.;**
11. **APTILO NETWORKS, INC.;**
12. **FREEFI NETWORKS, INC.;**
13. **MERAKI, INC.**
14. **SECOND RULE LLC**
15. **MAIL BOXES ETC., INC.;**
16. **MCDONALD'S CORP.;**
17. **BARNES & NOBLE BOOKSELLERS, INC.;**
18. **RAMADA WORLDWIDE, INC.;**
19. **MARRIOTT INTERNATIONAL, INC.;**
20. **INTERCONTINENTAL HOTELS GROUPS PLC;**
21. **CHOICE HOTELS INTERNATIONAL, INC.; AND**
22. **BEST WESTERN INTERNATIONAL, INC.,**
        **Defendants.**

**DEFENDANT INTERCONTINENTAL HOTELS GROUP PLC'S
ANSWER TO LINKSMART WIRELESS
TECHNOLOGY, LLC'S COMPLAINT**

Defendant Intercontinental Hotels Group PLC ("IHG") answers the Complaint by

Plaintiff Linksmart Wireless Technology, LLC ("Linksmart Wireless") as follows:

## PARTIES

Complaint Paragraph 1:

Plaintiff Linksmart Wireless Technology, LLC ("Linksmart Wireless") is a California

limited liability company with its principal place of business at 3452 E. Foothill Blvd., Suite 320,

Pasadena, California 91107.

Answer to Complaint Paragraph 1:

IHG is without knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph 1 of the Complaint, and therefore denies them.

Complaint Paragraph 2:

On information and belief, defendant T-Mobile USA, Inc. ("T-Mobile") is a Delaware

corporation with its principal place of business at 12920 SE 38th Street, Bellevue, WA 98006.

Answer to Complaint Paragraph 2:

IHG is without knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph 2 of the Complaint, and therefore denies them.

Complaint Paragraph 3:

On information and belief, defendant Wayport, Inc. ("Wayport") is a Delaware

corporation with its principal place of business at 4509 Freidrich Lane, Ste. 300, Austin, TX

78744.

Answer to Complaint Paragraph 3:

IHG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint, and therefore denies them.

Complaint Paragraph 4:

On information and belief, defendant AT&T, Inc. ("AT&T") is a Delaware corporation with its principal place of business at Whitacre Tower, 175 E. Houston St., San Antonio, TX 78299.

Answer to Complaint Paragraph 4:

IHG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint, and therefore denies them.

Complaint Paragraph 5:

On information and belief, defendant AT&T Mobility, LLC ("AT&T Mobility") is a Delaware limited liability company and a wholly-owned subsidiary of AT&T, Inc., with its principal place of business at 5565 Glenridge Connector, Suite 150, Atlanta, GA 30342.

Answer to Complaint Paragraph 5:

IHG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint, and therefore denies them.

Complaint Paragraph 6:

On information and belief, defendant LodgeNet Interactive Corporation ("LodgeNet") is a Delaware corporation with its principal place of business at 3900 West Innovation Street, Sioux Falls, SD 57107.

Answer to Complaint Paragraph 6:

IHG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint, and therefore denies them.

Complaint Paragraph 7:

On information and belief, defendant iBAHN General Holdings Corp. ("iBAHN") is a Delaware corporation with its principal place of business at 10757 S. River Front Parkway, Suite 300, Salt Lake City, UT 84095.

Answer to Complaint Paragraph 7:

IHG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint, and therefore denies them.

Complaint Paragraph 8:

On information and belief, defendant EthoStream, LLC ("EthoStream") is a Minnesota limited liability company with its principal place of business at 10200 Innovation Dr., Suite 300, Milwaukee, WI 53226.

Answer to Complaint Paragraph 8:

IHG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint, and therefore denies them.

Complaint Paragraph 9:

On information and belief, defendant Hot Point Wireless, Inc. ("Hot Point") is an Illinois corporation with its principal place of business at 800 West Huron, Suite 4E, Chicago, IL 60622.

Answer to Complaint Paragraph 9:

IHG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint, and therefore denies them.

Complaint Paragraph 10:

On information and belief, defendant NetNearU Corp. ("NetNearU") is a Delaware corporation with its principal place of business at 2908 Finfeather Rd., Bryan, TX 77801.

Answer to Complaint Paragraph 10:

IHG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint, and therefore denies them.

Complaint Paragraph 11:

On information and belief, defendant Pronto Networks, Inc. ("Pronto") is a Delaware corporation with its principal place of business at 4637 Chabot Dr., Ste. 350, Pleasanton, CA 94588.

Answer to Complaint Paragraph 11:

IHG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint, and therefore denies them.

Complaint Paragraph 12:

On information and belief, defendant Aptilo Networks, Inc. ("Aptilo") is a Delaware corporation with its principal place of business at 5800 Granite Parkway, Suite 300, Piano, TX 75024.

Answer to Complaint Paragraph 12:

IHG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint, and therefore denies them.

Complaint Paragraph 13:

On information and belief, defendant FreeFi Networks, Inc. ("FreeFi") is a California corporation with its principal place of business at 6355 Topanga Canyon Blvd., Suite 340, Woodland Hills, CA 91367.

Answer to Complaint Paragraph 13:

IHG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint, and therefore denies them.

Complaint Paragraph 14:

On information and belief, defendant Meraki, Inc. ("Meraki") is a Delaware corporation with its principal place of business at 313 West Evelyn Ave., Mountain View, CA 94041.

Answer to Complaint Paragraph 14:

IHG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint, and therefore denies them.

Complaint Paragraph 15:

On information and belief, defendant Second Rule LLC, d/b/a IP3 Networks ("IP3"), is a Delaware limited liability company with its principal place of business at 4119 Walnut Street, Suite 200, Philadelphia, PA 19104.

Answer to Complaint Paragraph 15:

IHG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint, and therefore denies them.

Complaint Paragraph 16:

On information and belief, defendant Mail Boxes Etc., Inc. ("MBE") is a Delaware corporation with its principal place of business at 6060 Cornerstone Court West, San Diego, CA 92121.

Answer to Complaint Paragraph 16:

IHG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint, and therefore denies them.

Complaint Paragraph 17:

On information and belief, defendant McDonald's Corp. ("McDonald's") is a Delaware corporation with its principal place of business at One McDonald's Plaza, Oak Brook, IL 60523.

Answer to Complaint Paragraph 17:

IHG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint, and therefore denies them.

Complaint Paragraph 18:

On information and belief, defendant Barnes & Noble Booksellers, Inc. ("Barnes & Noble") is a Delaware corporation with its principal place of business at 122 Fifth Ave., New York, NY 10111.

Answer to Complaint Paragraph 18:

IHG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint, and therefore denies them.

Complaint Paragraph 19:

On information and belief, defendant Ramada Worldwide, Inc. ("Ramada") is a Delaware corporation with its principal place of business at 1 Sylvan Way, Parsippany, NJ 07054.

Answer to Complaint Paragraph 19:

IHG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint, and therefore denies them.

Complaint Paragraph 20:

On information and belief, defendant Marriott International, Inc. ("Marriott") is a Delaware corporation with its principal place of business at 10400 Fernwood Rd., Bethesda, MD 20817.

Answer to Complaint Paragraph 20:

IHG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint, and therefore denies them.

Complaint Paragraph 21:

On information and belief, defendant InterContinental Hotels Group PLC ("IHG") is a Delaware corporation with its principal place of business at 3 Ravinia Drive, Suite 100, Atlanta, GA 30316.

Answer to Complaint Paragraph 21:

IHG denies the allegations of paragraph 21 of the Complaint.

Complaint Paragraph 22:

On information and belief, defendant Choice Hotels International Inc. ("Choice Hotels") is a Delaware corporation with its principal place of business at 10750 Columbia Pike, Silver Spring, MD 20901.

Answer to Complaint Paragraph 22:

IHG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Complaint, and therefore denies them.

Complaint Paragraph 23:

On information and belief, defendant Best Western International, Inc. ("Best Western") is a Florida corporation with its principal place of business at 6201 N. 24th Parkway, Phoenix, AZ 85016.

Answer to Complaint Paragraph 23:

IHG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Complaint, and therefore denies them.

Complaint Paragraph 24:

T-Mobile, Wayport, AT&T, AT&T Mobility, LodgeNet, iBAHN, EthoStream, Hot Point, NetNearU, Pronto, Aptilo, FreeFi, Meraki, IP3, MBE, McDonald's, Barnes & Noble, Ramada, Marriott, IHG, Choice Hotels, and Best Western are collectively referred to herein as "Defendants."

Answer to Complaint Paragraph 24:

Paragraph 24 requires no response.  To the extent that any response is required, IHG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint, and therefore denies them.

## JURISDICTION AND VENUE

Complaint Paragraph 25:

This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a).

Answer to Complaint Paragraph 25:

IHG admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) over the claims brought against IHG in this suit, but IHG denies any liability thereunder.

IHG is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the other defendants, and therefore denies them.

Complaint Paragraph 26:

Venue is proper in this district under 28 U.S.C. §§ 1391 (b) and (c) and 1400(b).  On information and belief, each Defendant has a regular and established place of business in this district, has transacted business in this district, and/or has committed and/or induced acts of patent infringement in this district.

Answer to Complaint Paragraph 26:

IHG denies the allegations of paragraph 26 of the Complaint as they pertain to IHG.  IHG is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the other defendants, and therefore denies them.

Complaint Paragraph 27:

On information and belief, each Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringing activities alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

Answer to Complaint Paragraph 27:

IHG denies the allegations of paragraph 27 of the Complaint as they pertain to IHG.  IHG is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the other defendants, and therefore denies them.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 6,779,118

### (Against All Defendants)

Complaint Paragraph 28:

Linksmart Wireless is the owner by assignment of United States Patent No. 6,779,118 ("the '118 Patent") entitled "User Specific Automatic Data Redirection System."  The '118 Patent issued on August 17, 2004 from United States Patent Application No. 09/295,966 ("the '966 Application").  A true and correct copy of the ' 118 Patent is attached hereto as Exhibit A.

Answer to Complaint Paragraph 28:

IHG admits that the '118 Patent entitled "User Specific Automatic Data Redirection System" appears on its face to have been issued on August 17, 2004.  IHG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 28 of the Complaint, and therefore denies them.

Complaint Paragraph 29:

Koichiro Ikudome and Moon Tai Yeung are listed as the inventors on the '118 Patent.

Answer to Complaint Paragraph 29:

IHG admits that Koichiro Ikudome and Moon Tai Yeung are listed as inventors on the face of the '118 Patent.

Complaint Paragraph 30:

Defendant T-Mobile has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '118 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, importing, offering to sell, or selling wireless Internet access systems which

utilize captive portal techniques to block and/or redirect HTTP requests. These wireless Internet

access systems are covered by one or more claims of the '118 Patent, and T-Mobile is making,

using, importing, offering to sell, or selling them to the injury of Linksmart Wireless. Defendant

T-Mobile is thus liable for infringement of the '118 Patent pursuant to 35 U.S.C. § 271.

Answer to Complaint Paragraph 30:

        IHG is without knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph 30 of the Complaint, and therefore denies them.

Complaint Paragraph 31:

        Defendant Wayport has been and now is directly infringing, and indirectly infringing by

way of inducing infringement and/or contributing to the infringement of the '118 Patent in the

State of Texas, in this judicial district, and elsewhere in the United States by, among other things,

making, using, importing, offering to sell, or selling wireless Internet access systems which

utilize captive portal techniques to block and/or redirect HTTP requests. These wireless Internet

access systems are covered by one or more claims of the '118 Patent, and Wayport is making,

using, importing, offering to sell, or selling them to the injury of Linksmart Wireless. Defendant

Wayport is thus liable for infringement of the '118 Patent pursuant to 35 U.S.C. § 271.

Answer to Complaint Paragraph 31:

        IHG is without knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph 31 of the Complaint, and therefore denies them.

Complaint Paragraph 32:

        Defendant AT&T has been and now is directly infringing, and indirectly infringing by

way of inducing infringement and/or contributing to the infringement of the '118 Patent in the

State of Texas, in this judicial district, and elsewhere in the United States by, among other things,

making, using, importing, offering to sell, or selling wireless Internet access systems which

utilize captive portal techniques to block and/or redirect HTTP requests.  These wireless Internet

access systems are covered by one or more claims of the '118 Patent, and AT&T is making,

using, importing, offering to sell, or selling them to the injury of Linksmart Wireless.  Defendant

AT&T is thus liable for infringement of the '118 Patent pursuant to 35 U.S.C. § 271.

Answer to Complaint Paragraph 32:

     IHG is without knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph 32 of the Complaint, and therefore denies them.

Complaint Paragraph 33:

     Defendant LodgeNet has been and now is directly infringing, and indirectly infringing by

way of inducing infringement and/or contributing to the infringement of the '118 Patent in the

State of Texas, in this judicial district, and elsewhere in the United States by, among other things,

making, using, importing, offering to sell, or selling wireless Internet access systems which

utilize captive portal techniques to block and/or redirect HTTP requests.  These wireless Internet

access systems are covered by one or more claims of the '118 Patent, and LodgeNet is making,

using, importing, offering to sell, or selling them to the injury of Linksmart Wireless.  Defendant

LodgeNet is thus liable for infringement of the ' 118 Patent pursuant to 35 U.S.C. § 271.

Answer to Complaint Paragraph 33:

     IHG is without knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph 33 of the Complaint, and therefore denies them.

Complaint Paragraph 34:

     Defendant iBAHN has been and now is directly infringing, and indirectly infringing by

way of inducing infringement and/or contributing to the infringement of the '118 Patent in the

State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, importing, offering to sell, or selling wireless Internet access systems which utilize captive portal techniques to block and/or redirect HTTP requests. These wireless Internet access systems are covered by one or more claims of the '118 Patent, and iBAHN is making, using, importing, offering to sell, or selling them to the injury of Linksmart Wireless. Defendant iBAHN is thus liable for infringement of the '118 Patent pursuant to 35 U.S.C. § 271.

Answer to Complaint Paragraph 34:

IHG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the Complaint, and therefore denies them.

Complaint Paragraph 35:

Defendant EthoStream has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '118 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, importing, offering to sell, or selling wireless Internet access systems which utilize captive portal techniques to block and/or redirect HTTP requests. These wireless Internet access systems are covered by one or more claims of the '118 Patent, and EthoStream is making, using, importing, offering to sell, or selling them to the injury of Linksmart Wireless. Defendant EthoStream is thus liable for infringement of the '118 Patent pursuant to 35 U.S.C. § 271.

Answer to Complaint Paragraph 35:

IHG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the Complaint, and therefore denies them.

Complaint Paragraph 36:

Defendant Hot Point has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '118 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, importing, offering to sell, or selling wireless Internet access systems which utilize captive portal techniques to block and/or redirect HTTP requests.  These wireless Internet access systems are covered by one or more claims of the '118 Patent, and Hot Point is making, using, importing, offering to sell, or selling them to the injury of Linksmart Wireless.  Defendant Hot Point is thus liable for infringement of the '118 Patent pursuant to 35 U.S.C. § 271.

Answer to Complaint Paragraph 36:

IHG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of the Complaint, and therefore denies them.

Complaint Paragraph 37:

Defendant NetNearU has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '118 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, importing, offering to sell, or selling wireless Internet access systems which utilize captive portal techniques to block and/or redirect HTTP requests.  These wireless Internet access systems are covered by one or more claims of the '118 Patent, and NetNearU is making, using, importing, offering to sell, or selling them to the injury of Linksmart Wireless.  Defendant NetNearU is thus liable for infringement of the '118 Patent pursuant to 35 U.S.C. § 271.

Answer to Complaint Paragraph 37:

IHG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the Complaint, and therefore denies them.

Complaint Paragraph 38:

Defendant Pronto has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '118 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, importing, offering to sell, or selling wireless Internet access systems which utilize captive portal techniques to block and/or redirect HTTP requests. These wireless Internet access systems are covered by one or more claims of the '118 Patent, and Pronto is making, using, importing, offering to sell, or selling them to the injury of Linksmart Wireless. Defendant Pronto is thus liable for infringement of the '118 Patent pursuant to 35 U.S.C. § 271.

Answer to Complaint Paragraph 38:

IHG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the Complaint, and therefore denies them.

Complaint Paragraph 39:

Defendant Aptilo has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '118 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, importing, offering to sell, or selling wireless Internet access systems which utilize captive portal techniques to block and/or redirect HTTP requests. These wireless Internet access systems are covered by one or more claims of the '118 Patent, and Aptilo is making,

using, importing, offering to sell, or selling them to the injury of Linksmart Wireless.  Defendant

Aptilo is thus liable for infringement of the '118 Patent pursuant to 35 U.S.C. § 271.

Answer to Complaint Paragraph 39:

IHG is without knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph 39 of the Complaint, and therefore denies them.

Complaint Paragraph 40:

Defendant FreeFi has been and now is directly infringing, and indirectly infringing by

way of inducing infringement and/or contributing to the infringement of the '118 Patent in the

State of Texas, in this judicial district, and elsewhere in the United States by, among other things,

making, using, importing, offering to sell, or selling wireless Internet access systems which

utilize captive portal techniques to block and/or redirect HTTP requests.  These wireless Internet

access systems are covered by one or more claims of the '118 Patent, and FreeFi is making,

using, importing, offering to sell, or selling them to the injury of Linksmart Wireless.  Defendant

FreeFi is thus liable for infringement of the '118 Patent pursuant to 35 U.S.C. § 271.

Answer to Complaint Paragraph 40:

IHG is without knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph 40 of the Complaint, and therefore denies them.

Complaint Paragraph 41:

Defendant Meraki has been and now is directly infringing, and indirectly infringing by

way of inducing infringement and/or contributing to the infringement of the '118 Patent in the

State of Texas, in this judicial district, and elsewhere in the United States by, among other things,

making, using, importing, offering to sell, or selling wireless Internet access systems which

utilize captive portal techniques to block and/or redirect HTTP requests.  These wireless Internet

access systems are covered by one or more claims of the '118 Patent, and Meraki is making, using, importing, offering to sell, or selling them to the injury of Linksmart Wireless.  Defendant Meraki is thus liable for infringement of the '118 Patent pursuant to 35 U.S.C. § 271.

Answer to Complaint Paragraph 41:

IHG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the Complaint, and therefore denies them.

Complaint Paragraph 42:

Defendant IP3 has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '118 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, importing, offering to sell, or selling wireless Internet access systems which utilize captive portal techniques to block and/or redirect HTTP requests.  These wireless Internet access systems are covered by one or more claims of the '118 Patent, and IP3 is making, using, importing, offering to sell, or selling them to the injury of Linksmart Wireless.  Defendant IP3 is thus liable for infringement of the '118 Patent pursuant to 35 U.S.C. § 271.

Answer to Complaint Paragraph 42:

IHG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the Complaint, and therefore denies them.

Complaint Paragraph 43:

Defendant MBE has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '118 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, using, importing, offering to sell, selling, or inducing others to use wireless Internet access

systems which utilize captive portal techniques to block and/or redirect HTTP requests.  These wireless Internet access systems are covered by one or more claims of the '118 Patent, and MBE is using, importing, offering to sell, selling, or inducing others to use them to the injury of Linksmart Wireless.  Defendant MBE is thus liable for infringement of the '118 Patent pursuant to 35 U.S.C. § 271.

Answer to Complaint Paragraph 43:

IHG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 of the Complaint, and therefore denies them.

Complaint Paragraph 44:

Defendant McDonald's has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '118 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, using, importing, offering to sell, selling, or inducing others to use wireless Internet access systems which utilize captive portal techniques to block and/or redirect HTTP requests.  These wireless Internet access systems are covered by one or more claims of the '118 Patent, and McDonald's is making, using, importing, offering to sell, or selling them to the injury of Linksmart Wireless.  Defendant McDonald's is thus liable for infringement of the '118 Patent pursuant to 35 U.S.C. § 271.

Answer to Complaint Paragraph 44:

IHG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of the Complaint, and therefore denies them.

Complaint Paragraph 45:

Defendant Barnes & Noble has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '118 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, using, importing, offering to sell, selling, or inducing others to use wireless Internet access systems which utilize captive portal techniques to block and/or redirect HTTP requests. These wireless Internet access systems are covered by one or more claims of the '118 Patent, and Barnes & Noble is using, importing, offering to sell, selling, or inducing others to use them to the injury of Linksmart Wireless. Defendant Barnes & Noble is thus liable for infringement of the '118 Patent pursuant to 35 U.S.C. § 271.

Answer to Complaint Paragraph 45:

IHG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 of the Complaint, and therefore denies them.

Complaint Paragraph 46:

Defendant Ramada has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '118 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, using, importing, offering to sell, selling, or inducing others to use wireless Internet access systems which utilize captive portal techniques to block and/or redirect HTTP requests. These wireless Internet access systems are covered by one or more claims of the '118 Patent, and Ramada is using, importing, offering to sell, selling, or inducing others to use them to the injury of Linksmart Wireless. Defendant Ramada is thus liable for infringement of the '118 Patent pursuant to 35 U.S.C. § 271.

Answer to Complaint Paragraph 46:

IHG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 of the Complaint, and therefore denies them.

Complaint Paragraph 47:

Defendant Marriott has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '118 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, using, importing, offering to sell, selling, or inducing others to use wireless Internet access systems which utilize captive portal techniques to block and/or redirect HTTP requests. These wireless Internet access systems are covered by one or more claims of the '118 Patent, and Marriott is using, importing, offering to sell, selling, or inducing others to use them to the injury of Linksmart Wireless. Defendant Marriott is thus liable for infringement of the '118 Patent pursuant to 35 U.S.C. § 271.

Answer to Complaint Paragraph 47:

IHG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47 of the Complaint, and therefore denies them.

Complaint Paragraph 48:

Defendant IHG has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '118 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, using, importing, offering to sell, selling, or inducing others to use wireless Internet access systems which utilize captive portal techniques to block and/or redirect HTTP requests. These wireless Internet access systems are covered by one or more claims of the '118 Patent, and IHG

is using, importing, offering to sell, selling, or inducing others to use them to the injury of

Linksmart Wireless.  Defendant IHG is thus liable for infringement of the '118 Patent pursuant

to 35 U.S.C. § 271.

Answer to Complaint Paragraph 48:

IHG denies the allegations of paragraph 48 of the Complaint.

Complaint Paragraph 49:

Defendant Choice Hotels has been and now is directly infringing, and indirectly

infringing by way of inducing infringement and/or contributing to the infringement of the '118

Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among

other things, using, importing, offering to sell, selling, or inducing others to use wireless Internet

access systems which utilize captive portal techniques to block and/or redirect HTTP requests.

These wireless Internet access systems are covered by one or more claims of the '118 Patent, and

Choice Hotels is using, importing, offering to sell, selling, or inducing others to use them to the

injury of Linksmart Wireless.  Defendant Choice Hotels is thus liable for infringement of the

'118 Patent pursuant to 35 U.S.C. § 271.

Answer to Complaint Paragraph 49:

IHG is without knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph 49 of the Complaint, and therefore denies them.

Complaint Paragraph 50:

Defendant Best Western has been and now is directly infringing, and indirectly infringing

by way of inducing infringement and/or contributing to the infringement of the '118 Patent in the

State of Texas, in this judicial district, and elsewhere in the United States by, among other things,

using, importing, offering to sell, selling, or inducing others to use wireless Internet access

systems which utilize captive portal techniques to block and/or redirect HTTP requests.  These wireless Internet access systems are covered by one or more claims of the '118 Patent, and Best Western is using, importing, offering to sell, selling, or inducing others to use them to the injury of Linksmart Wireless.  Defendant Best Western is thus liable for infringement of the '118 Patent pursuant to 35 U.S.C. § 271.

Answer to Complaint Paragraph 50:

IHG is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 50 of the Complaint, and therefore denies them.

Complaint Paragraph 51:

Defendants have actively induced and are actively inducing infringement of the '118 Patent and are liable for contributory infringement of the '118 Patent.

Answer to Complaint Paragraph 51:

IHG denies the allegations of paragraph 51 of the Complaint as they pertain to IHG.  IHG is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the other defendants, and therefore denies them.

Complaint Paragraph 52:

As a result of Defendants' infringement of the '118 Patent, Linksmart Wireless has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

Answer to Complaint Paragraph 52:

IHG denies the allegations of paragraph 52 of the Complaint as they pertain to IHG.  IHG is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the other defendants, and therefore denies them.

Complaint Paragraph 53:

Unless a permanent injunction is issued enjoining these Defendants and their agents, servants, employees, attorneys, representatives, affiliates, and all others acting on their behalf from infringing the '118 Patent, Linksmart Wireless will be greatly and irreparably harmed.

Answer to Complaint Paragraph 53:

IHG denies the allegations of paragraph 53 of the Complaint as they pertain to IHG.  IHG is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the other defendants, and therefore denies them.

## PRAYER FOR RELIEF

IHG denies that Linksmart Wireless is entitled to any relief requested in its Prayer for Relief or any other relief.

## DEMAND FOR JURY TRIAL

This paragraph requires no response.

## GENERAL DENIAL

IHG denies any allegations in the Complaint not specifically admitted in IHG's responsive pleadings above.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
### (Lack of Personal Jurisdiction)

The Court lacks personal jurisdiction over IHG.

### Second Affirmative Defense
### (Improper Venue)

Venue over IHG in this judicial district is improper.

**Third Affirmative Defense**
**(Failure to State a Claim)**

The Complaint fails to state a claim upon which relief can be granted.

**Fourth Affirmative Defense**
**(Invalidity)**

The subject matter of the '118 Patent does not meet the requirements of 35 U.S.C. § 101, *et seq.*, and the '118 Patent therefore is invalid, void and unenforceable because it fails to meet the conditions specified in 35 U.S.C. § 101, *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and/or 116.

**Fifth Affirmative Defense**
**(Laches, Waiver and Estoppel)**

Any claim for damages for patent infringement of the '118 Patent is limited by the doctrines of laches, waiver and estoppel, and/or the '118 Patent is unenforceable under one or more of those doctrines.

**Sixth Affirmative Defense**
**(35 U.S.C. § 287)**

Any claim for damages for patent infringement by Linksmart Wireless is limited by 35 U.S.C. § 287 to those damages occurring only after the notice of infringement.

**Seventh Affirmative Defense**
**(Non-Infringement)**

IHG has not and does not infringe the '118 Patent, either directly or indirectly, literally or under the doctrine of equivalents.

**Eighth Affirmative Defense**
**(Failure to Join)**

The Complaint fails to join all necessary parties needed for a complete resolution of the claims stated.

**Ninth Affirmative Defense**
**(Improper Joinder)**

The Defendants are improperly joined.

**Tenth Affirmative Defense**
**(Unclean Hands)**

Linksmart Wireless is barred under the doctrine of unclean hands from obtaining any

relief or recovery against IHG.

**Eleventh Affirmative Defense**
**(35 U.S.C. § 286)**

Linksmart Wireless's recovery for alleged infringement of the '118 Patent, if any, is

limited to any alleged infringement committed no more than six years prior to the filing of its

Complaint pursuant to 35 U.S.C. § 286.

**Twelfth Affirmative Defense**
**(Limitation on Damages)**

Linksmart Wireless's claims for monetary relief are limited to a reasonable royalty, if

any.

**Thirteenth Affirmative Defense**
**(28 U.S.C. § 1498(a))**

Linksmart Wireless's remedies are limited by 28 U.S.C. § 1498(a).

**Fourteenth Affirmative Defense**
**(Reservation of Additional Defenses)**

IHG reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil

Procedure, the Patent Laws of the United States, and any other defenses, at law and equity, that

may now or in the future be available based on discovery or any other factual investigation

concerning this case or any related action.

## JURY DEMAND

IHG demands a trial by jury of all issues so triable in this action.

## PRAYER FOR RELIEF

WHEREFORE, Defendant IHG prays for relief as follows:

A.      That Linksmart Wireless's Complaint be dismissed in its entirety with prejudice and that Linksmart Wireless take nothing thereon;

B.      That Linksmart Wireless's request for injunctive relief against IHG be denied;

C.      For an entry of judgment declaring that each of the asserted claims of the '118 Patent are invalid, void, and without force and effect;

D.      For an entry of judgment declaring that IHG has not infringed and does not infringe, either directly, contributorily or through inducement, any of the claims of the '118 Patent;

E.      That IHG be awarded its costs, disbursements and attorneys' fees incurred in this action pursuant to 35 U.S.C. § 285, and other provisions of law;

F.      That IHG be granted such other and further relief as the Court deems just and proper.

Respectfully submitted,


Dated:  September 15, 2008          By:  /s/ John M. Guaragna
                                          John M. Guaragna, Esq.
                                          (Texas Bar No. 24043308)
                                          DLA Piper LLP (US)
                                          1221 South MoPac Expressway, Suite 400
                                          Austin, TX 78746-6875
                                          Telephone:  512-457-7000
                                          Facsimile:  512-457-7001

                                          **Attorneys for Defendant
                                          InterContinental Hotels Group PLC**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this 15th day of September, 2008, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3).  Any other counsel of record will be served by a facsimile transmission and/or first class mail.


/s/ John M. Guaragna
John M. Guaragna