**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| LINKSMART WIRELESS TECHNOLOGY, LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>T-MOBILE USA, INC., et al.<br><br>  Defendants.<br>AND RELATED COUNTERCLAIMS. | **Case No. 2:08-cv-00264-DF-CE**<br>**Case No. 2:08-cv-00304-DF-CE**<br>**Case No. 2:08-cv-00385-DF-CE**<br>**Case No. 2:09-cv-00026-DF-CE**<br><br>**CONSOLIDATED** |

**PLAINTIFF LINKSMART WIRELESS TECHNOLOGY, LLC'S
RESPONSE TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT
OF INVALIDITY FOR INDEFINITENESS UNDER 35 U.S.C. § 112, ¶2**

Plaintiff Linksmart Wireless Technology, LLC ("Linksmart") respectfully requests that the Court deny Defendants' motion for partial summary judgment of invalidity under 35 U.S.C. §112, ¶ 2. The meanings of the terms at issue in claim 15 of the '118 patent are clear to one of ordinary skill in the art in light of the specification, and Defendants have failed to meet their burden to show by clear and convincing evidence that the terms are "insolubly ambiguous."

**I.      INTRODUCTION.**

The claim phrases "location the user access" and "to control passing between the user and a public network" are not indefinite. Defendants have failed in their claim construction briefing to show that these terms are indefinite, and Defendants have certainly failed to meet their burden to show by clear and convincing evidence that the Court should grant summary judgment of invalidity on this basis.

Within the context of the specification, the meaning of "location the user access" would be apparent to one of ordinary skill in the art. As supported by the declaration of an expert in the field, a person having ordinary skill in the art would understand that the patent is claiming an invention that can automatically modify a rule set based on the "location the user *accesses*." This meaning is apparent from a proper reading of the specification. Defendants, however, seek to inflate a minor grammatical error into indefiniteness by extracting statements from the specification out of context and pointing to other statements outside of the specification that allegedly support their argument. Defendants' evidence is, however, irrelevant to the analysis, which requires the Court to consider whether a term in light of the specification is "insolubly ambiguous" to a person having ordinary skill in the art could not understand it. The meaning of "location the user access" would have be understood by one of ordinary skill in the art, and thus Defendants fail to meet their burden.

Similarly, Defendants have failed to show that the claim phrase "to control passing between the user and a public network" is insolubly ambiguous. The '118 patent is an invention to be used in the digital environment where all information between a user and a network is data. Data includes packets as well as HTTP requests. A person having ordinary skill in the art would

understand this, especially given the context of the specification. Defendants have therefore failed to meet their burden to show that this claim phrase is indefinite.

## II. RESPONSE TO DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS.

Although Linksmart does not agree that all recited facts are "material," Linksmart agrees with Defendants' statement except as follows:

Purported Fact 4: Linksmart does not dispute that the use of the singular noun "user" with the plural verb "access" is grammatically incorrect, but Linksmart does dispute that the remainder of the phrase is grammatically incorrect.

Purported Fact 5: Denied. Linksmart has not "propounded" numerous possible interpretations of the phrase "location the user access." Linksmart believes that the interpretation of the term is clear within the context of the specification.

Purported Fact 6: Denied. During the reexamination, the inventors acknowledged that the amendments made to claims 15, 18, 21, 26 and 27 were made "to correct minor typographical and grammatical errors." Levine Decl. Ex. 7 at 10. One of the minor typographical and grammatical errors amended was the phrase "location the user access" to "location the user attempts to access." The inventors did not acknowledge that this phrase was a grammatical error.

Purported Fact 9: This fact is vague and ambiguous. Linksmart agrees that the specification of the '118 patent discloses that, in the preferred embodiment, the database may have entries including "the locations each user is allowed to access." Col. 4:35-39. Linksmart further agrees that the specification of the '118 patent discloses that rule sets may contain "data about…a location which may or may not be accessed." Col. 4:41-47. Linksmart further agrees that the specification of the '118 patent discloses an alternate embodiment where a user may be redirected based "the number of locations access…[and] the types of locations accessed." Col. 7:50-51. To the extent that this fact is meant to show anything else, Linksmart disputes the fact.

Purported Fact 11: Linksmart agrees with the factual recitation but further notes that the inventors did not distinguish prior art based on this amendment. *See* Levine Decl. Ex. 9 at 7.

Purported Fact 13: Linksmart agrees with the factual recitation but further notes that the statements are describing the prior art. *See* Col. 1:42-46, '014 App. at Appx-3.

## III. ARGUMENT.

Defendants' motion for partial summary judgment should be denied because Defendants have failed to meet their burden of showing by clear and convincing evidence that the terms "location the user access" and "to control passing" are indefinite.[1] While Linksmart has also addressed these arguments in its claim construction briefing (D.I. 396, 436), which it incorporates by reference, Linksmart summarizes the issues and responds to Defendants' arguments made in their surreply briefing below.

The definiteness analysis requires a determination of "whether one skilled in the art would understand the bounds of the claim when read in light of the specification." *Miles Lab. v. Shandon, Inc.*, 997 F.2d 870, 875 (Fed. Cir. 1993). The claim language at issue here is not "insolubly ambiguous." *See, e.g.*, *Exxon Research & Eng'g Co. v. United States*, 265 F.3d 1371, 1375 (Fed. Cir. 2001) ("If the meaning of the claim is discernible, even though the task may be formidable and the conclusion may be one over which reasonable persons will disagree, we have held the claim sufficiently clear to avoid invalidity on indefiniteness grounds."). The meaning of the claim language is not subject to reasonable debate, and the prosecution history does not suggest a different interpretation. *See, e.g.*, *Hoffer v. Microsoft Corp.*, 405 F.3d 1326, 1331 (Fed. Cir. 2005). In any event, Defendants have certainly not met their burden of showing clear and convincing evidence that the terms are indefinite. *See, e.g., Hearing Components, Inc. v. Shure Inc.*, 2010 U.S. App. LEXIS 6726 (Fed. Cir. Apr. 1, 2010) (reversing the district court's judgment of invalidity for indefiniteness); *Young v. Lumenis, Inc.*, 492 F.3d 1336, 1345 (Fed.

---

[1] Defendants' motion is procedurally improper as a result of their prejudicial dilatory behavior. On April 19, 2010, Defendants sought permission to file their motion for partial summary judgment. D.I. 419. On April 29, 2010, the Court granted Defendants' request. D.I. 431. Defendants, however, waited two and a half weeks before they filed their motion. Defendants' behavior is particularly ironic given their motion to strike the declaration of Dr. Lavian based on alleged prejudice even though Linksmart disclosed Dr. Lavian as soon as it became aware of the need to rely on expert testimony.

Cir. 2007) (reversing the district court's judgment of invalidity for indefiniteness).

Instead, Defendants' arguments consist of raising some possible understandings of the claim language and ceasing their analysis there. Defendants' arguments fail, however, because one of skill in the art would have been able to understand the claims in light of the intrinsic record. Defendants have not, and cannot, prove – by clear and convincing evidence – that one of skill in the art would find the claims "insolubly ambiguous." Indeed, Defendants fail to offer even an expert declaration in support of their motion.

### A. "Location The User Access."

Defendants first argue that the claim phrase "location the user access" in claim 15 is indefinite. The relevant limitation of claim 15 states:

> wherein the redirection server is configured to allow automated modification of at least a portion of the rule set correlated to the temporarily assigned network address; and wherein the redirection server is *configured to allow modification of at least a portion of the rule set as a function of some combination of* time, data transmitted to or from the user, or *location the user access*.

Claim 15 (emphasis added).

The meaning of this phrase is clear within the context of the claim language and the specification. A person having ordinary skill in the art would understand that this language was referring to modifying the rule set based on a location that the user accesses.

This is clear from how the phrase is used in the claims. The claims uniformly discuss modifying the rule set based on the location or locations the user accesses.

In addition, this is explicitly discussed as an embodiment in the specification. For example, in one embodiment, the redirection server will modify the user's rule set "after the user accesses the redirected location." Col. 5:36-42. Other embodiments disclose modifying rule sets based on "the number of locations accessed" and "the types of locations accessed." Col. 7:48-52; *see also* Col. 7:37-45 (describing exemplary embodiment where the rule set is removed based on the user visiting www.widgetsell.com). Furthermore, as shown in the declaration of Dr. Tal Lavian, an expert with about 20 years of experience in computer networking, a person having

ordinary skill in the art the time this patent was filed would understand the meaning of this phrase in light of the specification. Lavian Decl.[2] at ¶¶ 18-27. While there is a grammatical error in the noun-verb number agreement in a portion of this phrase, a minor grammatical error like this does not render a claim indefinite. *See Divix Golf, Inc. v. Mohr*, 2007 U.S. Dist. LEXIS 97925, *81-82 (S.D. Cal. 2007) (stating that "the specification and claim language in the instant matter allow one of ordinary skill in the art to interpret the phrase despite the presence of the grammatical error").

Defendants' arguments supporting their claim of indefiniteness must fail because they are nothing more than an attempt to manufacture ambiguity. As described above, the specification clearly describes the meaning of this phrase. Defendants, however, point to out-of-context statements in the specification as well as statements from outside of the specification to manufacture a dispute.

- The specification discusses locations the user is allowed to access. Col. 4:38-39, 4:44-45. These statements are made, however, in the context of information contained in the database or aspects of the rule set, *e.g.*, locations that the user is allowed or not allowed to access based on a condition. *See id.* The phrase at issue here is used in a different context - conditions upon which a rule set may be automatically modified. *See* claim 15. These sections of the specification are also describing a preferred embodiment and are not inconsistent with the claim phrase or the portion of the specification explicitly describing it.
- Linksmart's amendment in the reexamination does not affect claim construction because it is not from the time of the application and is not a disclaimer of scope to secure allowance.
- The litigation position in Linksmart's infringement contentions is simply

---

[2] "Lavian Decl." refers to the Declaration Of Tal Lavian, Ph.D. In Support Of Plaintiff Linksmart Wireless Technology, LLC's Response To Defendants' Motion For Partial Summary Judgment Of Invalidity For Indefiniteness Under 35 U.S.C. § 112, ¶2, filed concurrently.

irrelevant to this analysis. The determination of whether this term is indefinite must be made by determining how "one skilled in the art would understand the bounds of the claim *when read in light of the specification*." *Miles Lab.*, 997 F.2d at 875 (emphasis added). Infringement contentions are not part of the specification and are, at best, extrinsic evidence that cannot alter the meaning of the term from the intrinsic evidence. *See Altiris, Inc. v. Symantec Corp.*, 318 F.3d 1363, 1369 (Fed. Cir. 2003) ("Extrinsic evidence may never be relied upon, however, to vary or contradict the clear meaning of terms in the claims.").

Finally, Defendants' argue that Linksmart is asking the Court to "correct" the claim here. This is not true. As Linksmart discussed above and in its claim construction briefing, the meaning of this phrase is clear after reviewing the specification. Linksmart's construction simply reflects this meaning. And, even if Defendants are correct that this is a "correction," the meaning of the term is clear after reviewing the specification.[3] Thus, Defendants' argument must fail.

### B. "To Control Passing Between The User And A Public Network."

Defendants also argue that the phrase "wherein the rule set contains at least one of a plurality of functions used *to control passing between the user and a public network*" is indefinite. The specification is clear that the invention relates to digital information. *See, e.g.*, Col. 1:12-13 ("a database system for use in dynamically redirecting and filtering Internet traffic"). In the digital environment, information exchanged between a user and a public network is a form of data. Lavian Decl. at ¶ 31. As discussed in the Opening and Reply Claim Construction Briefs, the specification (and other intrinsic evidence) supports that the system is designed to control whatever is passed between the user and the public network. D.I. 396 at 22-

---

[3] *Novo Indus., L.P. v. Micro Molds Corp.*, 350 F.3d 1348 (Fed. Cir. 2003), which Defendants cite in their briefing, is irrelevant here. First, unlike in *Novo*, Linksmart is not asking the Court to correct the patent or to delete claim language. Second, in *Novo*, even the patent assignee could not settle on a single correction for the claim language and instead suggested two possible phrases to be deleted. *Id.* at 1357. Here, Linksmart has a single proposed construction that is well supported by the specification.

24, D.I. 436 at 12-13; *see, e.g.*, Col. 6:1-3 ("**The redirection server** 208 programs the rule set and IP address *so as to control (filter, block, redirection, and the like) the user's data* as a function of the rule set." (emphasis added)). Dr. Lavian's declaration further supports Linksmart's position. Lavian Decl. at ¶¶ 28-39. In light of the specification, Dr. Lavian opines that one of ordinary skill in the art would have understood this phrase and the meaning of this phrase was consistent with "to control data passing between…," as proposed by Linksmart. *Id.* Data encompasses all of the information passed between the user and network that is described in the specification, including packets and HTTP requests.[4] Col. 6:50-59 (describing controlling packets as well HTTP requests); Lavian Decl. at ¶ 34. Defendants have therefore failed to show by clear and convincing evidence that the phrase "to control passing between the user and a public network" insolubly ambiguous and Defendants' motion should be denied.

## IV. CONCLUSION.

Defendants have failed to show by clear and convincing evidence that the phrases "location the user access" and "to control passing between the user and a public network" are so "insolubly ambiguous" that they are indefinite. Indeed, in light of the specification, the meaning of each phrase is clearly discernable. As a result, Defendants' motion must be denied.

Dated: May 23, 2010

Respectfully submitted,

By: /s/ Andrew D. Weiss
Marc A. Fenster, California State Bar No. 181067
E-mail: mfenster@raklaw.com
Alexander C.D. Giza, California State Bar No. 212327
Email: agiza@raklaw.com
Andrew D. Weis, California State Bar No. 232974
E-mail: aweiss@raklaw.com
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474

---

[4] HTTP requests are simply a type of packet. Lavian Decl. at ¶ 34.

        Facsimile:    (310) 826-6991

Andrew Wesley Spangler
SPANGLER LAW PC
104 E Houston Street, Suite 135
Marshall, TX 75670
Telephone: 903/935-3443
Facsimile: 903/938-7843
Email: spangler@spanglerlawpc.com

**Attorneys for Plaintiff**
**Linksmart Wireless Systems, LLC**

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on May 23, 2010. Any other counsel of record will be served via First Class U.S. Mail on this same date.

                          By: /s/ Andrew Weiss