# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LINKSMART WIRELESS TECHNOLOGY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>T-MOBILE USA, INC., et al.<br><br>Defendants. | Case No. 2:08-cv-00264-DF-CE<br>Case No. 2:08-cv-00304-DF-CE<br>Case No. 2:08-cv-00385-DF-CE<br>Case No. 2:09-cv-00026-DF-CE<br><br>CONSOLIDATED |
| AND RELATED COUNTERCLAIMS. | |

**STIPULATION REGARDING DISMISSAL AND REFILING IN THE CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

Plaintiff Linksmart Wireless Technology, LLC ("Linksmart") and Defendants Cisco Systems, Inc., T-Mobile USA Inc., LodgeNet Interactive Corp., Marriott International, Inc., InterContinental Hotels Resource Group, Inc., Six Continents Hotels, Inc., iBahn General Holdings Corp., Ethostream, LLC, Ramada World Wide, Best Western International Inc., and Choice Hotels International (collectively, "Defendants"), by and through counsel, hereby stipulate to the following:

1. This stipulation is entered into by way of compromise to address Defendants' intention to file a motion to transfer the case to California.

2. The parties jointly stipulate to dismiss without prejudice the instant action pursuant to Fed. R. Civ. P. 41(a)(2).

3. Linksmart will re-file its action against Defendants in the United States District Court for the Central District of California, Southern Division, and do so by April 6, 2012. The re-filed pleading shall not contain any grounds or causes of action, against any Defendant, that are new or additional to those of the pleading against that Defendant now pending in this Court. Linksmart reserves the right to argue, in the action to be filed in the

Central District of California, Southern Division, that it may assert new and/or amended claims from the reexamined '118 patent.  Defendants reserve the right to oppose any such argument.  For the sake of clarity, this paragraph is not intended to resolve any such dispute.

4. The parties' agreement to dismiss the instant action without prejudice shall not count as a dismissal pursuant to the second sentence of Fed. R. Civ. P. 41(a)(1)(B) and may in no circumstances be construed as an adjudication on the merits in the action to be filed in accordance with paragraph 3.

5. The Defendants agree to answer the complaint, and will not move pursuant to Fed. R. Civ. P. 12, in the action to be filed in accordance with paragraph 3.

6. Pursuant to 35 U.S.C. § 299(c), Defendants hereby waive the joinder limitations of 35 U.S.C. § 299(a)-(b) as a defense to joinder in the action filed in accordance with paragraph 3.  Defendants retain all rights apart from 35 U.S.C. § 299 to seek severance, to seek separate trials, or to argue improper joinder on any basis existing in the cases now pending in this Court.

7. Defendants authorize their respective counsel of record in the instant case to accept service of the action to be filed in accordance with paragraph 3 and counsel have so agreed to accept service on behalf of their client(s).  Linksmart may effect service upon the Defendants by delivering an OCR'ed copy of the summons and the complaint via electronic mail to their respective counsel of record in the instant case.  Within 5 business days of being provided with the form, counsel for each of the Defendants agrees to sign and return to Linksmart a copy of the signed Notice of Lawsuit and Request for Waiver of Service of Summons (form CV-39).

8. With respect to damages, the parties agree to treat the action to be filed in accordance with paragraph 3 as if it had been filed on the date of the original complaint filed against each respective Defendant in this action.  The intent of the parties is that this Stipulation regarding dismissal shall not, in the action to be filed in accordance with paragraph 3, give rise to any statute of limitations defense not already available to

Defendants in the instant action. Defendants retain all other damages defenses, including the defenses that each Defendant had as of the date of the filing of the original complaint against each respective Defendant. Defendants also retain all defenses due to intervening rights arising from any concluded, pending or future reexamination of the '118 patent.

9. The parties agree that the written discovery limitations agreed to in the instant action (D.I. 212) shall be used in the action to be filed in accordance with paragraph 3.

10. The parties agree that all discovery, including deposition testimony, document production and interrogatory responses, served in the instant action may be reused in an action filed in accordance with paragraph 3, subject to any evidentiary or other objections.

11. The total hours of depositions taken in the instant action will be taken into account when determining the number of deposition hours permitted in the action to be filed in accordance with paragraph 3. For the sake of clarity, this paragraph does not resolve any disputes regarding additional deposition time, including additional deposition time with inventors of the '118 patent.

12. Any issue not expressly addressed in this Stipulation shall be addressed by the Parties in the action to be filed in accordance with paragraph 3.

13. Any complaint filed by Linksmart against any of the currently named defendants (a) after April 6, 2012, or (b) which contains allegations that are new or additional to those contained in the original filing in the instant actions against such defendant(s), is specifically exempt from, and shall not be subject to, the terms of this Stipulation with respect to that defendant(s).

14. Each Defendant, and any entities under the Defendant's control, agrees (a) not to file a declaratory judgment action against Linksmart regarding the '118 patent or the reexamined '118 patent prior to April 7, 2012; and (b) after April 7, 2012, not to file a declaratory judgment action against Linksmart regarding issues asserted against that Defendant in the action filed in accordance with paragraph 3 except if filed as counterclaims

in that same action.  This paragraph does not apply to entities outside of Defendants' control, including vendors, customers, franchisees and member hotels.

Dated: April 3, 2012 		Respectfully submitted,

By:	/s/ Andrew D. Weiss
Marc A. Fenster, CA SB #181067
E-mail: mfenster@raklaw.com
Andrew D. Weiss, CA SB #232974
E-mail: aweiss@raklaw.com
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
Telephone:   310/826-7474
Facsimile:    310/826-6991

Andrew W. Spangler, TX SB #24041960
Email: spangler@spanglerlawpc.com
SPANGLER LAW PC
208 N. Green Street, Suite 300
Longview, TX 75601
Telephone:   903/753-9300
Facsimile:    903/553-0403

**Attorneys for Plaintiff
LINKSMART WIRELESS
TECHNOLOGY, LLC**

By:  /s/  Noah A. Levine
Noah Levine
David B. Bassett
WilmerHale
399 Park Avenue
New York, NY 10022
212-230-8800
212-230-8888 (fax)
noah.levine@wilmerhale.com
david.bassett@wilmerhale.com

William F. Lee
Jonathan Andron
WilmerHale
60 State Street
Boston MA 02109

617-526-6000
617-526-5000 (fax)
william.lee@wilmerhale.com
jonathan.andron@wilmerhale.com

Michael Ernest Richardson
Beck Redden & Secrest - Houston
1221 McKinney
Suite 4500
Houston, TX 77010-2010
713-951-6284
713-951-3720 (fax)
mrichardson@brsfirm.com

**Attorneys for Cisco Systems, Inc. and T-Mobile USA Inc.**

 /s/ Kirk Ruthenberg
Kirk R Ruthenberg
SNR Denton
1301 K Street, NW
Suite 600E
Washington , DC 20005
202/408-6410
Fax: 202/408-6399
Email: kirk.ruthenberg@snrdenton.com

**Attorneys for T-Mobile USA, Inc.**


By: /s/ Mark E. Ungerman
Jennifer Parker Ainsworth
State Bar No. 00784720
WILSON, ROBERTSON
& CORNELIUS, P.C.
909 ESE Loop 323, Suite 400
P.O. Box 7339 [75711]
Tyler, Texas 75701
Tel.. 903-509-5000
Fax 903-509-5092

Mark E. Ungerman
MORRISON & FOERSTER LLP
2000 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Tel. 202-887-1500

- 5 -

Fax 202-887-0763
Email: mungerman@mofo.com

**Attorneys for LodgeNet Interactive Corp.**


By: /s/ John M. Guaragna
John M. Guaragna, Esq.
State Bar No. 24043308
DLA Piper LLP
401 Congress Avenue, Suite 2500
Austin, TX 78701-3799
Tel.  512-457-7000
Fax  512-457-7001

**Attorneys for Defendants Marriott International, Inc., InterContinental Hotels Group Resources, Inc., and Six Continents Hotels, Inc.**

By: */s/ Michael Broaddus*
David J. Burman
LEAD ATTORNEY
 DBurman@perkinscoie.com
Michael D. Broaddus
 MBroaddus@perkinscoie.com
PERKINS COIE LLP
1201 Third Ave., 48th Floor
Seattle, WA 98101
Tel. 206-359-8000
Fax 206-359-9000

Michael E. Jones
  mikejones@potterminton.com
Allen Gardner
  allengardner@potterminton.com
POTTER MINTON
110 N. College 500 Plaza Tower
Tyler, Texas  75702
Tel. 903-597-8311
Fax 903-593-0846 (facsimile)

**Attorneys for iBahn General Holdings Corp.**

  /s/ James D. Peterson
James D. Peterson
  jpeterson@gklaw.com
Godfrey & Kahn, S.C.
One East Main Street, Suite 500
Madison, Wisconsin 53703
Tel. 608.257.3911
Fax. 608.257.0609

Christine J. Moser
Baker Hostetler
3200 National City Center
1900 East North St
Cleveland, Ohio 44114-3485
Tel. 216-621-0200
Fax 216-696-0740
cmoser@bakerlaw.com

**Attorneys for Ethostream, LLC and Ramada World Wide**

/s/ David E. Rogers
David E. Rogers
drogers@swlaw.com
Sid Leach
sleach@swlaw.com
Snell & Wilmer, LLP
400 E Van Buren St #1900
Phoenix, AZ 85004-2202
Tel. 602.382.6225
Fax. 602.382.6070

Christopher M. Joe
Chris.Joe@bjciplaw.com
Brian A. Carpenter
Brian.Carpenter@bjciplaw.com
Buether Joe & Carpenter, LLC
1700 Pacific, Suite 2390
Dallas, TX 75201
Tel. 214-466-1272
Fax 214-635-1828

**Attorneys for Best Western International Inc.**

/s/  Michael C. Smith
Michael Charles Smith
Siebman Reynolds Burg Phillips & Smith, LLP
713 South Washington
Marshall, TX 75670
Tel. 903-938-8900
Fax 972-767-4620 (fax)
michaelsmith@siebman.com

Kevin P. Anderson
Greg Lyons
Wiley Rein LLP
1776 K Street NW
Tel. 202-719-7000
Fax 202-719-7049
kanderson@wileyrein.com
glyons@wiley.rein.com

**Attorney for Choice Hotels International, Inc.**